UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEWEY E. HURST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:08-CV-267/ 1:03-CR-74 |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## **MEMORANDUM**

*Pro se* petitioner Dewey Hurst ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 99), to which the United States responded (Court File No. 107). The Court originally sentenced Petitioner to 262 months of incarceration after a jury returned a verdict finding him guilty of distributing cocaine base and possession of a firearm by a convicted felon (Court File No. 62). The Sixth Circuit granted the parties' joint motion to reverse Defendant's conviction on the cocaine charge, affirmed his conviction for being a felon in possession of a firearm, and remanded the case for resentencing on the firearm charge (Court File No. 73). Petitioner was resentenced to 262 months in prison on the firearm charge (Court File No. 83). Judgment was entered on August 31, 2006, and Petitioner's conviction and amended sentence were affirmed on direct appeal on March 12, 2008. After the mandate from the Sixth Circuit was entered (Court File No. 96), Petitioner timely filed his § 2255 motion on November 12, 2008 (Court File No. 99).

The Court finds the materials thus submitted, together with the record of the underlying criminal case (1:03-CR-74), conclusively show Petitioner is not entitled to relief on any of the

claims asserted in his petition. Accordingly, the Court will decide this matter without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and will **DENY** Petitioner's motion for the following reasons.

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

The following pertinent facts are taken from the offense conduct section provided in the Presentence Investigation Report ("PSR"):

> On March 20, 2002, agents went to Dewey Hurst's girlfriend's home, at Forrest Hills Apartments. When Hurst came to the door, he was immediately taken into custody. An officer took Mr. Hurst to the bedroom so he could put on shoes and asked Hurst if there were any weapons in the house. Hurst admitted that he had a 9mm handgun, and it was found on the night stand in the bedroom. The weapon was a 9mm Luger with a loaded clip also laying on the night stand. On the floor, officers found a plate with cocaine residue. Hurst told officers that the plate with residue and weapon were his and they did not involve his girlfriend. He stated that he was a convicted felon and was aware that he was not allowed to possess a firearm, but would rather go back to prison than be killed. Mr. Hurst further said that he used the firearm to protect himself while distributing cocaine. A box of rifle shells were also found in the residence after Hurst's girlfriend gave officers written permission to search the residence.

(PSR at ¶ 14).

On March 26, 2003, a grand jury sitting in the Eastern District of Tennessee, filed a seven-count Indictment charging Jimmy "Jimbo" Simpson ("Simpson") and Petitioner as the only defendants. Simpson pleaded guilty to count Six of the Indictment. Petitioner was charged only in Counts One and Seven of the Indictment. Count One charges that on April 18, 2002, Petitioner distributed cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Seven charges

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On February 23, 2004, this Court conducted a jury trial and on February 24, 2004, the jury returned with a verdict finding Petitioner guilty on both counts. The parties jointly moved to reverse Petitioner's conviction on Count One due to a violation of Petitioner's right to confront witnesses as interpreted by the intervening decision in *Crawford v. Washington*, 541 U.S. 36 (2004) and the Sixth Circuit granted this motion and reversed the conviction on Count One (Court File No. 73).

The Sixth Circuit vacated Petitioner's original sentence and remanded it for resentencing on Count Seven pursuant to the decision in *United States v. Booker*, 543 U.S. 220 (2005). Petitioner filed a timely appeal of his resentencing and the Sixth Circuit affirmed this Court's amended judgment as reasonable (Court File No. 91).

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing

*United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged, in order to obtain relief under § 2255, the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

## III. DISCUSSION

Petitioner has raised four claims in his § 2255 motion. He asserts he is actually innocent of both the (1) possession of cocaine base and (2) felon-in-possession charges; (3) he received ineffective assistance of counsel; and (4) a "fraud upon the Court" occurred with respect to his 18 U.S.C. § 922(g) conviction. Petitioner failed to raise any of the four grounds for relief on direct appeal as he "just found out that [he is] 'actually inno[]cent' of the charges in counts one and seven" (Court File No. 99, p. 4).

With the exception of the ineffective assistance of counsel claim, Petitioner has procedurally defaulted on his claims by failing to raise them on direct appeal. *See Bousley v. United States*, 523

U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). Therefore, the defaulted claims may be raised only if he can first demonstrate either "cause and actual prejudice or that he is actually innocent." *Id.* (internal citations omitted). The hurdle excusing procedural default is "intentionally high . . ., for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler*, 269 F.3d at 700.

Although Petitioner claims he is "actually innocent," as discussed below, the basis for this claim is actually a legal argument and not sufficient to overcome procedural default. His argument he just realized his innocence similarly does not establish the requisite cause to excuse default. Nevertheless, the Court will proceed to address the merits of Petitioner's claims in full because Petitioner would not be entitled to relief on his claims even if they had not been procedurally defaulted.

### A. Actual Innocence

Petitioner claims he is actually innocent of both the firearm and cocaine charges. To establish actual innocence, Petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Martin v. Perez*, 391 F.3d 799, 802 (6th Cir. 2004)(citing *Bousley*, 523 U.S. at 623). Petitioner's claim with respect to the cocaine charge is irrelevant and can be summarily dismissed. Petitioner's conviction for distribution of cocaine was reversed by the Sixth Circuit and subsequently dismissed with prejudice by this Court at resentencing. Petitioner's amended sentence is based solely on the felon-in-possession charge in Count Seven and his claim of innocence in Count One does not support a collateral attack on his current sentence.

Petitioner cannot support a claim of factual innocence on Count Seven. "Actual innocence

means factual innocence, not mere legal insufficiency or legal innocence." *Bousley*, 523 U.S. at 623. The evidence at trial supporting the elements of the § 922(g)(1) charge included Defendant's stipulation he was a convicted felon (Court File No. 66 ("Trial Transcript") pp. 91-92), Defendant's signed statement to Special Agent Dan Ogle (*id.* p.50)("The gun, 9mm Luger, belongs to me. I've had it about one year or so."), and his admission to Officer Craig Frost (*id*. p. 41) ("Yes, sir. That's my gun . . . . I'd rather go back to prison than be killed on the street."). In light of the above, the Court finds Petitioner has failed to establish it is more likely than not no reasonable juror would have convicted him.

Rather than challenge the facts supporting his conviction, Petitioner argues he is actually innocent of the felon-in-possession charge because "the weapons under [Tenn Code Ann.] § 39-17-1316" are not the same weapons "under §§ 922 *et seq*." and are thus "exempted under [26 U.S.C.] § 5845(e)" (Court File No. 99, p. 5). Under Tenn Code Ann. § 39-17-1316(b)(1), the definition of "firearm" is incorporated from Tenn Code Ann. § 39-11-106(11) and includes "any weapon designed, made or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use." Firearms also include "handguns, long guns, and all other weapons that meet the definition except 'antique firearms' as defined in 18 U.S.C. §921." Tenn Code Ann. § 39-17-1316(b)(1). Petitioner's conviction was for violation of 18 U.S.C. § 922(g), which defines "firearm" to include "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3). There is no factual or legal support for Petitioner's claim a 9mm Luger is not considered a firearm for purposes of a § 922(g) violation.

Petitioner also raises the legal argument he "can prove that Congress and the U.S. Senate

did not intend for the federal [government] to charge non-license citizens" under the statute (*id.*). Per the plain language of § 922(g)(1), a convicted felon is prohibited from possessing a firearm and the intent to restrict convicted felons' access to firearms by enacting this statute is clear. *See, e.g., Lewis v. United States*, 445 U.S. 55, 62, 64-65 (1980) (describing Congressional intent to impose such a disability as "broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous").

Petitioner's arguments of "actual innocence" are instead legal arguments, which could have been raised on direct appeal and have been procedurally defaulted. However, even considering the merits of Petitioner's legal challenges, his arguments are frivolous and without merit. Accordingly, Petitioner's first and second claims fail to demonstrate grounds for relief.

### B. Ineffective Assistance of Counsel

Petitioner argues his attorney, John McDougal, failed to perform in accordance with the "criminal defense techniques" explained in "123 chapters for a defense counselor to use" online at Lexis/Nexis (Court File No. 99, p. 4). The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive

7

> the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

Petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The objective standard of reasonableness is highly deferential and "includes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Under the second prong of the *Strickland* test, the petitioner must show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected. *Id.* at 697.

Petitioner's general allegation fails to establish either prong necessary to demonstrate ineffective assistance of counsel. Petitioner has identified no particular omission or error by his

counsel adversely affecting the outcome of his case and the Court cannot speculate which sections of the "123 chapters" on criminal defense evidence his counsel's shortcomings. Petitioner must set forth facts demonstrating he is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). Furthermore, a motion that states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Petitioner has failed to allege facts to establish either prong of the *Strickland* test and his general legal conclusion about his counsel's poor performance does not warrant § 2255 relief.

### C. Fraud Upon the Court

Petitioner's final claim is the presence of a "fraud upon the court" because his gun "was not under federal jurisdiction as require[d] by law" (Court File No. 99, p. 4). He claims his rights were restored prior to the instant offense and his weapon charge was "not under the Federal Gun List" in 18 U.S.C. § 922 or 28 U.S.C. § 5845(e) (*id.*). As discussed above, there is no support for Petitioner's claim his particular weapon, a 9mm Luger, is not included as a firearm under the federal statutes. Petitioner provides no factual support indicating his right to possess a firearm was restored prior to the March 20, 2002, date when he was found to be in possession of the handgun. However, even if his rights *had* been restored, he would be prohibited from possessing a firearm due to his multiple felony drug convictions. Therefore, there is absolutely no basis for his claim of "fraud on the Court."

9

Petitioner, an Armed Career Criminal under 18 U.S.C. §924(e), affirmed three prior convictions at his initial sentencing and indicated he had six prior felony convictions at his resentencing (Court File No. 87, p. 7). The state law in the jurisdiction where the crime occurred determines if the defendant can or cannot legally possess a gun. 18 U.S.C. 921(a)(20). If a state has restored civil rights to a felon, without expressly limiting the felon's firearm privileges, then the felon is not subject to federal firearms disabilities. *United States v. Cassidy*, 899 F.2d 543, 546 (6th Cir. 1990). But, if there is any abrogation or limitation at all of a convicted person's rights with respect to his ability to possess or carry firearms, then federal law does apply, and the convicted person may not possess any firearms whether his rights have been restored by the state or not. *Caron v. United States*, 524 U.S. 308 (1998). The Court must look to the whole of state law to determine whether a convicted felon's firearms privileges have been expressly restricted. *Cassidy,* 899 F.2d at 546 ("It is axiomatic that if we must look to the whole of state law in order to determine whether a felon's civil rights have been restored, as opposed to looking only to an order or certificate, we must also look to the whole of state law in order to determine if his firearms privileges have been expressly restricted.").

Because he has multiple prior felony drug convictions (*see* PSR ¶¶ 48, 51, 53, 55), Petitioner may not lawfully possess a handgun even if his rights were restored. *See* Tenn. Code Ann. § 39-17-1307(b); Tenn. Att'y Gen. Op. 97-169, 1997 WL 834292 at *1, n.1 (Dec. 22, 1997). Also, pursuant to Tenn. Code Ann.§ 39-17-1351(j)(3), felons convicted of any drug offense involving a Schedule I, II, II, IV, or V controlled substance are barred from obtaining the necessary handgun carry permit. Petitioner offers no facts to support his claim of having his rights restored prior to March 2002. Even if his rights had been restored prior to that date, his multiple prior felony drug convictions

10

would preclude him from lawfully possessing a firearm.

Petitioner's fourth and final claim of "fraud upon the Court" is without merit and there is no basis in law or fact to warrant relief.

## IV. **CONCLUSION**

For the reasons stated above Petitioner is not entitled to any relief under 28 U.S.C. § 2255 as his sentence does not violate the Constitution or laws of the United States. Accordingly, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED** (Court File No. 99).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**